UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cr-00183-MOC

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| **DERON LEE MACKIE,** ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the court on defendant's Motion to Dismiss Count Two for Failure to State an Offense (#30). The government has timely filed its Response (#31) to defendant's motion. Defendant contends that Count Two of the Indictment should be dismissed in light of Johnson v. United States, 576 U.S. ___, 135 S.Ct. 2551 (June 26, 2015). The issue has now been fully briefed and for the reasons that follow, the court will deny the Motion to Dismiss and direct the Clerk of Court to place defendant back on the sentencing calendar.

## FINDINGS AND CONCLUSIONS

### I.    Background

As defendant has entered a plea of guilty to both counts and stipulated to the Factual Basis (#14), the court has construed the factual background found in the Final Presentence Report (#24) as true for purposes of reviewing defendant's motion.

On the afternoon of September 5, 2014, defendant robbed an employee of Dunbar Armored Car Company at gunpoint as the employee was attempting to make a delivery of cash to an ATM located on North Tryon Street in Charlotte, North Carolina. When confronted by defendant, the employee dropped the cash bag, which defendant picked up, fleeing into a nearby wooded area.

1

He was soon captured by the Charlotte-Mecklenburg Police Department, which, with defendant's help, later recovered the gun, the cash bag, and the clothing defendant wore in the robbery.

Defendant pled guilty to both counts on November 11, 2014, and sentencing was scheduled for September 14, 2015. Two days before the sentencing hearing, defendant filed his Motion to Dismiss. At sentencing, the court *sua sponte* continued the hearing to allow full briefing of the Motion to Dismiss.

## II. Discussion

In <u>Johnson</u>, <u>supra</u>, the Supreme Court determined that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. §924(e)(2)(B), was void for vagueness, making such provision unconstitutional. The ACCA defines the phrase "violent felony" as "any crime punishable by imprisonment for a term exceeding one year ... that — (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another</u>." 18 U.S.C. § 924(e)(2)(B) (emphasis added). The residual clause is the underlined phrase at the end of § 924(e)(2)(B)(ii).

While the ACCA is not implicated in this case, language similar to the language the <u>Johnson</u> court determined was unconstitutionally vague is used in a number of statutes and in a number of provisions of the United States Sentencing Guidelines. The ACCA provides a 15 year mandatory minimum sentence for a defendant convicted of three prior "violent crimes," while Section 924(c) provides in relevant part mandatory minimum sentences for those who, during and in relation to a "crime of violence" use or carry a firearm, or possesses a firearm in furtherance of such crime. While the phrase "violent crime" is defined under § 924(e)(2)(B), Section 924(c) provides a separate definition for the phrase "crime of violence" as one that

2

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3)(A)-(B). While not identical to the language used in the residual clause of the ACCA (§ 924(e)(2)(B)(ii)), defendant contends that the language contained in § 924(c)(3)(B) is substantially similar and should also be found to be void for vagueness.

Even if the court were to assume that §9 24(c)(3)(B) suffers from the same constitutional deficiency as does the residual clause in § 924(e)(2)(B)(ii) - - which the court declines to do as it is unnecessary for the purposes of this decision - - defendant has not first argued why Count Two is insufficient under § 924(c)(3)(A), known as the "force" or "elements" provision. Thus, before taking up the constitutional issue § 924(c)(3)(B), the court is obliged to consider whether the government has charged a viable offense under § 924(c)(3)(A).

First, the court has considered whether the *Hobbs Act* offense charged in Count One can meet the force or elements provision of § 924(c)(3)(A). Defendant contends that this court is constrained in its consideration to employ the categorical approach when considering a *Hobbs Act* robbery, Motion (#30) at ¶ 7, which is an approach that "looks only to the statutory definition of the … crime and the fact of conviction to determine whether the conduct criminalized by the statute, including the most innocent conduct, qualifies as a crime of violence." United States v. Torres-Miguel, 701 F.3d 165, 167 (4th Cir. 2012) (quotation marks, brackets, and citations omitted). The categorical approach, however, is only applicable to statutes which are "indivisible."

Where a statute "sets out one or more elements of the offense in the alternative," Descamps v. United States, ___ U.S. ___, 133 S. Ct. 2276, 2281 (June 20, 2013), a "modified categorical

3

approach" is applied, which allows a court to look to certain documents, including the Indictment, to determine which statutory alternative was implicated by the offense of conviction. Id.

Here, the *Hobbs Act* is clearly a divisible statute as the language of the statute sets forth one or more elements of the offense in the alternative, as follows:

> (a) Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.
>
> (b) As used in this section—
>
> (1) The term "robbery" means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.
>
> ***
>
> (3) The term "commerce" means commerce within the District of Columbia, or any Territory or Possession of the United States; all commerce between any point in a State, Territory, Possession, or the District of Columbia and any point outside thereof; all commerce between points within the same State through any place outside such State; and all other commerce over which the United States has jurisdiction.

18 U.S.C. § 1951. After the decision in Descamps, the Fourth Circuit held that

> [a] crime is divisible only if it is defined to include "potential offense elements in the alternative," thus rendering "opaque which element played a part in the defendant's conviction." Id. Stated differently, crimes are divisible only if they "set out elements in the alternative and thus create multiple versions of the crime."

Omargharib v. Holder, 775 F.3d 192, 198 (4th Cir. 2014) (citation and footnote omitted). A *Hobbs Act* robbery under Section 1951 can be pled in *at least* six ways under the language of the statute: (1) by robbery; (2) by extortion; (3) by attempting to so rob or extort; (4) by conspiring to

4

so rob or extort; (5) by committing physical violence to any person or property in furtherance of a plan or purpose to so rob or extort; or (6) by threatening to commit physical violence to any person or property in furtherance of a plan or purpose to so rob or extort. 18 U.S.C. § 1951. Thus, Section 1951 is a divisible statute as to which the modified categorical approach is applicable.

Having determined under Descamps that a modified categorical approach is applicable to the *Hobbs Act* robbery charged in Count One, the court has reviewed the Indictment, a Shepard[1] approved document. Clearly, if the *Hobbs Act* robbery charged in this case includes as an essential element "physical violence" or "a threat of physical violence" (which are alternatives five and six above), then there is no doubt but that such offense would be well within the definition of "crime of violence" found in § 924(c)(3)(A). The Indictment in this case provides in relevant part as follows:

**INTRODUCTION**
At all times material to this Bill of Indictment, Dunbar Armored, Inc. (Dunbar Armored) was a business engaged in commercial activities in the Western District of North Carolina and elsewhere, in and affecting commerce. Headquartered in Hunt Valley, Maryland, and founded in 1923, Dunbar Armored is the largest independent armored transportation carrier in the United States, serving major retailers, financial institutions and government entities. Dunbar Armored's services include the armored transport of valuables, including United States currency.

**COUNT ONE**
On or about September 5, 2014, in Mecklenburg County, within the Western District of North Carolina, the defendant,

**DERON LEE MACKEY**,

did knowingly and unlawfully obstruct, delay and affect commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), and the movement of articles and commodities in commerce, by robbery, in that the defendant did take United States currency from the custody of Dunbar Armored, at or near 5416 North Tryon Street in Charlotte, North Carolina, ***from the person and presence of another, against his will, and by means of actual and threatened force, violence, and fear of immediate and future injury.***

---

[1]   Shepard v. United States, 544 U.S. 13, 16 (2005).

5

Indictment (#1) (emphasis added). Thus, the offense of conviction underlying the § 924(c) charge specifically alleges a crime of violence as defined under § 924(c)(3)(A), making it unnecessary to reach defendant's constitutional argument under § 924(c)(3)(B) unnecessary. Ashwander v. TVA, 297 U.S. 288, 347 (1936) (Brandeis, J., concurring) ("It is not the habit of the court to decide questions of a constitutional nature unless absolutely necessary to a decision of the case."). Defendant's Motion to Dismiss Count Two is, therefore, without merit.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Dismiss Count Two for Failure to State an Offense (#30) is **DENIED**.

The Clerk of Court is instructed to re-notice this matter for a sentencing hearing on the next available sentencing date.

Signed: September 29, 2015

Max O. Cogburn Jr
United States District Judge